United States District Court
Southern District of Texas

**ENTERED**

March 18, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CORY ANDERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-137 |
| | § | |
| WAL-MART STORES TEXAS, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are several motions to dismiss: (1) Defendants Walmart, Inc. and Wal-Mart Stores Texas, LLC's 12(b)(6) motion to partially dismiss for failure to state a claim, (Dkt. No. 18); (2) Defendants City of Pearland, Texas and Matthew C. Webb's motion to dismiss for failure to state a claim, (Dkt. No. 21); and (3) Defendant Darrien Coleman's notice of joinder in Walmart, Inc. and Wal-Mart Stores Texas, LLC's 12(b)(6) motion to partially dismiss for failure to state a claim, (Dkt. No. 28). After these motions were filed, Plaintiff filed a motion to strike certain exhibits filed in support of the City and Webb's motion to dismiss (Dkt. No. 30).

Having considered the arguments of counsel, relevant docket entries, and applicable law, the Court **DENIES** Plaintiff's motion to strike and **GRANTS** the motions to dismiss for failure to state a claim filed by all Defendants.

## I.    Background

This case arises out of an alleged theft at Wal-Mart located at 1919 N. Main St.[1] in Pearland. (Dkt. No. 17 ¶ 12). On January 16, 2023, Wal-Mart Asset Protection Investigator Darrien

---

[1] The First Amended Complaint incorrectly lists "1019 Main Street" as the Wal-Mart's address. (Dkt. No. 17 ¶ 12).

Coleman allegedly observed Plaintiff Cory Anderson swap barcodes when purchasing a pack of sports cards at a self-checkout counter. *Id.* ¶¶ 1, 12. At the time, Anderson was a City of Pearland public works employee. *Id.* ¶ 12. Coleman confronted Anderson and contacted law enforcement. *Id.*; (Dkt. No. 21-3). Pearland Police Sergeant Matthew Webb released Anderson from the store with a citation because the theft totaled less than $100 and Anderson did not have a criminal history. (Dkt. Nos. 17 ¶ 13; 21-3). On March 9, the City of Pearland Municipal Courts notified Webb that Anderson had one prior theft conviction under $100 that did not appear on his criminal history. (Dkt. No. 21-3). The Municipal Court requested the charge be enhanced and the original citation dismissed. *Id.* Webb then prepared an affidavit and arrest warrant for Anderson for a theft of less than $100 with one prior conviction. (Dkt. Nos. 17 ¶ 13; 21-3; 21-4). In his affidavit, Webb says "Anderson admitted to the theft and to 'ticket switching'" to make the sports cards cheaper and that Webb observed the alleged theft when he watched Wal-Mart's security footage. (Dkt. No. 21-3). According to Anderson, Pearland Police Department promoted Webb to sergeant in or about October 2023. (Dkt. No. 17 ¶ 19).

On May 20, 2024, Anderson filed a complaint with Pearland Police Department alleging Webb perjured himself when he said in his affidavit that Anderson admitted to the theft and that Webb saw the theft on camera. (Dkt. No. 17 ¶ 18). On June 12, Pearland Police Department notified Anderson that a review of relevant information showed that Webb "did not perjure himself" but that his affidavit "did not accurately document how Mr. Anderson 'admitted' to the theft." *Id.* Pearland Police Department "sustained" Anderson's complaint, said that "appropriate discipline" would be "administered" and "closed" the investigation. *Id.*

On August 26, the Brazoria County District Attorney's Office moved to dismiss criminal charges against Anderson on the basis of *nolle prosequi*. (Dkt. No. 17 ¶ 15). According to Anderson, he was forced to resign from his job at the City of Pearland, losing his pension and

retirement funds, and "suffered significant emotional distress, including stress-induced gastrointestinal issues that required medical treatment," as a result of his arrest and prosecution. *Id.* ¶ 21.

On January 12, 2025, Anderson filed this lawsuit against Walmart, Inc., Wal-Mart Stores Texas, LLC, Webb, Coleman, and the City of Pearland alleging a variety of claims for tortious conduct and violations of his Fourth Amendment rights. (Dkt. No. 1). After the City and Webb notified Anderson they intended to move to dismiss his claims under Federal Rule of Civil Procedure 12(b)(6), Anderson filed an amended complaint. (Dkt. Nos. 17; 21-1). In his First Amended Complaint, Anderson brings the following 14 claims: (1) unreasonable seizure and unlawful arrest in violation of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983 against Webb; (2) malicious prosecution in violation of the Fourth and Fourteenth Amendments under § 1983 against Webb; (3) fabrication of evidence and due process violation (false charges) in violation of the Fourth and Fourteenth Amendments under § 1983 against Webb; (4) fabrication of evidence and due process violation (false arrest) in violation of the Fourth and Fourteenth Amendments under § 1983 against Webb; (5) defamation per se against the Wal-Mart Defendants[2]; (6) false imprisonment against the Wal-Mart Defendants; (7) intentional or negligent infliction of emotional distress against the Wal-Mart Defendants; (8) gross negligence against the Wal-Mart Defendants; (9) negligence against the Wal-Mart Defendants; (10) malicious prosecution against the Wal-Mart Defendants; (11) *Monell* liability for failure to train and supervise in violation of the Fourth and Fourteenth Amendments under § 1983 against the City of Pearland; (12) *Monell* liability for failure to adopt policies in violation of the Fourth and Fourteenth Amendments under § 1983 against the City of Pearland; (13) *Monell* liability for failure to

---

[2] In both Anderson's First Amended Complaint and this opinion, "the Wal-Mart Defendants" refers to Walmart, Inc., Wal-Mart Stores Texas, LLC, and Coleman. (Dkt. No. 17).

discipline in violation of the Fourth and Fourteenth Amendments under § 1983 against the City of Pearland; (14) *Monell* liability for ratification in violation of the Fourth and Fourteenth Amendments under § 1983 against the City of Pearland. (Dkt. No. 17 ¶¶ 22–64).

The Wal-Mart Defendants moved to dismiss Anderson's negligence and intentional or negligent infliction of emotional distress claims. (Dkt. Nos. 18, 28). The City and Webb moved to dismiss all claims against them. (Dkt. No. 21). In support of their motion, the City and Webb filed several exhibits: a pre-motion email exchange between Anderson's and Defendants' counsel (Exhibit 1), (Dkt. No. 21-1); Coleman's witness statement (Exhibit 2), (Dkt. No. 21-2); Webb's affidavit in support of Anderson's arrest warrant (Exhibit 3), (Dkt. No. 21-3); Anderson's arrest warrant (Exhibit 4), (Dkt. No. 21-4); Webb's body camera recording (Exhibit 5), (Dkt. No. 21-5); and Wal-Mart's surveillance video (Exhibit 6), (Dkt. No. 21-6). Anderson moved to strike exhibits 1, 2, 4, and 6. (Dkt. No. 30).

The court now considers the motion to strike and the motions to dismiss.

## II.　　Motion to Strike

Anderson asks the court to strike (1) the email exchange between Anderson's and Defendants' counsel (Exhibit 1); (2) Coleman's witness statement (Exhibit 2); (3) Anderson's arrest warrant (Exhibit 4); and (3) Wal-Mart's surveillance video (Exhibit 6). (Dkt. No. 30). The court denies the motion.

"[When] considering a motion to dismiss, a court must ordinarily limit itself to the contents of the pleadings and attachments thereto." *DAC Surgical Partners, P.A. v. United Healthcare Srvs., Inc.*, No. H–11–1355, 2011 WL 3841946, at *2 (S.D. Tex. Aug. 30, 2011) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)). "Documents that a defendant attaches to a motion to dismiss are also considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.* (cleaned up) (quoting *Collins*, 224 F.3d

4 / 15

at 498). "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Id.* (quoting *Collins*, 224 F.3d at 498).

Exhibit 1 is an email exchange between counsel for Anderson and the defendants setting forth the defendants' anticipated grounds for a motion to dismiss for failure to state a claim. (Dkt. Nos. 21-1; 37 ¶ 1). The defendants assert they filed this exhibit "solely for th[e] purpose" of demonstrating their compliance with the court's local rules and has nothing to do with their arguments for dismissal. (Dkt. No. 37 ¶ 1). The court agrees. Accordingly, the court denies the motion as to Exhibit 1.

Defendants argue Anderson has "intricately woven the content of Exhibits [2, 4, and 6] into the pleading allegations" and that these three exhibits are central to Anderson's claims. (Dkt. No. 37 ¶¶ 8–12). Coleman's witness statement (Exhibit 2) recounts the specific facts that form the basis of Anderson's claims against Coleman and the other Wal-Mart Defendants. (Dkt. Nos. 21-2; 17 ¶¶ 1, 31–42). Anderson accuses the Wal-Mart Defendants, including Coleman, of "publish[ing] false statements" about Anderson, "falsely imprison[ing] [Anderson] without his consent based on fabrications and lies," "manufacturing false allegations against" Anderson, "falsely accusing [Anderson] with a criminal offense based on fabrications," and "commenc[ing] a criminal prosecution" of Anderson with "fabrications undergirding the charges." (Dkt. No. 17 ¶¶ 32, 34, 36, 40, 42). Coleman's witness statement, which indicates his intent to pursue criminal charges and details Anderson's alleged theft, forms the basis of Anderson's claims against the Wal-Mart Defendants. (Dkt. No. 21-2). Even though Anderson does not explicitly reference Coleman's witness statement in the complaint, the witness statement contains the alleged false statements, false allegations, false accusations, and fabrications about which Anderson now complaint. As a result, Coleman's witness statement is central to Anderson's claims against the

Wal-Mart Defendants. *See DAC Surgical Partners*, *P.A. v. United Healthcare Srvs., Inc.*, No. H–11–1355, 2011 WL 3841946, at *2 (S.D. Tex. Aug. 30, 2011). Coleman's witness statement is also clearly visible in Webb's bodycam footage, which Anderson did not move to strike. (Dkt. No. 21-5). The court denies the motion as to Exhibit 2.

The same analysis applies to Exhibit 4, Anderson's arrest warrant. (Dkt. 21-4). Anderson specifically mentions his arrest warrant in his First Amended Complaint. (Dkt. 17 ¶ 24). Moreover, Anderson's claims against Webb for unreasonable seizure and unlawful arrest, for false charges, and for false arrest all relate directly to the charge listed in the arrest warrant and to the warrant itself. *Id.* ¶¶ 24, 28, 30. Contrary to Anderson's arguments, the arrest warrant is not peripheral to his claims just because he doesn't quote from it. *See* (Dkt. No. 30 at 7–8). The arrest warrant itself and what happened as a result of the arrest warrant are central to the disputes before the court. *Contra Samuel v. City of Houston*, No. 4:22-CV-2900, 2023 WL 6444888, at *3 (S.D. Tex. Sept. 29, 2023) (striking video of a news conference because "the issue of what occurred at the news conference is not central to the dispute"). Accordingly, the court denies the motion as to Exhibit 4.

Finally, the court considers Exhibit 6, Wal-Mart's surveillance footage. Anderson argues the court should strike the footage because the complaint "only vaguely reference[s]" it "to challenge whether Officer Webb in fact viewed the footage as alleged in his sham affidavit." (Dkt. No. 30 at 8). This claim, according to Anderson, can be established by reviewing Webb's bodycam footage (Exhibit 5), making the Wal-Mart footage irrelevant to Anderson's claims. *Id.* While the Wal-Mart footage may not be central to this particular claim about Webb, the footage is central to Anderson's allegations that Webb and the Wal-Mart Defendants, and Coleman specifically, fabricated their allegations that Anderson committed theft. "[T]he issue of what occurred" in that footage is "central to the dispute[s]" about Anderson's alleged theft and the resulting events,

6 / 15

including his arrest and whether probable cause existed. *Samuel*, 2023 WL 6444888, at *3. The court, therefore, denies the motion as to Exhibit 6.

### III.   Motions to Dismiss under Fed. R. Civ. P. 12(b)(6)

#### A.   Legal Standard

A party may move to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P 12(b)(6). Rule 12(b)(6) is read in conjunction with the pleading standard set forth in Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). This standard does not require detailed factual allegations. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a party's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up). To survive a Rule 12(b)(6) motion, the complaint and any other matters properly considered must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court, drawing upon its "judicial experience and common sense," to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (alteration in original) (quoting FED. R. CIV. P. 8(a)(2)).

As discussed in the previous section, "[g]enerally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Randall D. Wolcott, M.D., P.A.*

*v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)); *see also Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (noting that a court's review on a 12(b)(6) motion "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint"). Because each of the challenged exhibits (Exhibits 1, 2, 4, and 6) are central to Anderson's claims and referenced in his First Amended Complaint, the court will consider those exhibits and the non-challenged exhibits (Exhibits 3 and 5) attached to the City and Webb's motion to dismiss when ruling on the pending motions to dismiss. *See* (Dkt. Nos. 21-1, 21-2, 21-3, 21-4, 21-5, 21-6).

**B.      Claims against the Wal-Mart Defendants**

Walmart, Inc. and Wal-Mart Stores Texas, LLC moved to partially dismiss Anderson's claims, (Dkt. No. 18), and Coleman joined that motion, (Dkt. No. 28). In particular, the Wal-Mart Defendants moved to dismiss Anderson's claims for negligence and for intentional or negligent infliction of emotional distress for failure to state a claim under 12(b)(6). (Dkt. No. 18 ¶¶ 4–8).

**1.      Negligence**

The Wal-Mart Defendants argue that Anderson's negligence claim is an attempt "to bypass the requirements of his intentional tort claims" for false imprisonment and malicious prosecution. *Id.* ¶¶ 4–5. The Wal-Mart Defendants allege that Anderson is seeking relief for the same harm he alleges under claims for intentional acts and wrongful arrest and detention but couches them under a claim for negligence. *Id.* ¶ 5. Anderson responds that he is pleading his negligence claims in the alternative. (Dkt. No. 26 at 4–5).

To state a claim for common law negligence in Texas, "a plaintiff must establish three elements: '(1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach.'" *Ford v. Cimarron Ins. Co.*, 230 F.3d 828,

830 (5th Cir. 2000) (quoting *Greater Hou. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990)). "Duty is the threshold inquiry of any negligence case." *Id.* (citing *Phillips*, 801 S.W.2d at 525). "In Texas, moreover, whether a duty exists is a question of law for the court to decide from the facts surrounding the occurrence in question." *Id.* "Texas law" also "requires that a plaintiff show some physical injury in order to bring an ordinary negligence claim," and the physical injuries must be "distinct from physical manifestations of emotional distress." *Villafuerte v. United States*, No. 7:16–CV–619, 2017 WL 8793751, at *11 (S.D. Tex. Oct. 11, 2017).

Anderson asserts no facts to make a claim for negligence plausible on its face. Anderson alleges only that "[t]he Wal-Mart Defendants had a duty to use ordinary care, and they breached that duty in falsely accusing [him] with a criminal offense based on fabrications," and this breached "proximately caused [his] damages." (Dkt. No. 17 ¶ 40). This is the exact kind of conclusory legal assertion that the 12(b)(6) pleading standard prohibits. *See Twombly*, 550 U.S. at 555. Furthermore, Anderson alleges no physical injuries other than gastrointestinal issues he associates with his emotional distress. (Dkt. No. 17 ¶¶ 21, 66). Without pleading any grounds to support any element of negligence, Anderson fails to state a claim for negligence against the Wal-Mart Defendants.

### 2.      Intentional or Negligent Infliction of Emotional Distress

The Wal-Mart Defendants argue Anderson's claim for intentional infliction of emotional distress (IIED) should be dismissed because it is a "gap-filler" tort that does not apply here. (Dkt. No. 18 ¶ 6). Anderson responds that he has stated a claim for intentional infliction of emotional distress because the Wal-Mart Defendants' conduct was sufficiently "extreme and outrageous" to cause him "reputational harm," "humiliation," his "livelihood," and "tremendous emotional distress for which he has sought medical treatment." (Dkt. No. 26 at 6–7). The court agrees with the Wal-Mart Defendants.

"Although IIED has been recognized first and foremost as a 'gap-filler' tort, the tort is available to allow recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Villafuerte*, 2017 WL 8793751, at \*13 (citing *Hoffmann–La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004)). The "gap-filler" argument is usually used when "a plaintiff alleges both harassment and IIED." *Id.* (citing cases). Here, Anderson brings claims such as false imprisonment and wrongful prosecution seeking redress for his mental anguish. *Contra id.* (noting the plaintiff's IIED claim was "filling a gap in her potential recovery and her claim for mental anguish damages" because her "claims of negligence and assault and battery [were] based on physical injuries"). Therefore, IIED is not filling a gap in Anderson's recovery. *See id.*

Additionally, Anderson's allegations "do not rise to the level of 'extreme and outrageous conduct' that would allow for a claim of [IIED]." *Id.* at \*14. To be liable for IIED, "a defendant's conduct must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Id.* (quoting *Grost v. United States*, 648 F. App'x 459, 461 (5th Cir. 2016)). "Conduct that is merely rude or insensitive or that amounts to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities does not rise to the level of extreme or outrageous conduct." *Id.* (quoting *Grost*, 648 F. App'x at 461) (internal quotation marks omitted). "Tortious, malicious, or even criminal intent is not sufficient to establish the tort if the conduct is not objectively outrageous." *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 616 (Tex. 1999). Even accepting Anderson's allegations as true, no factual assertions in Anderson's First Amended Complaint suggest that Anderson experienced so extreme or outrageous to permit such a claim under the law. *See generally* (Dkt. No. 17). Webb's body-camera footage, which shows Coleman's

calm, respectful demeanor during Anderson's questioning, further corroborates this finding. (Dkt. No. 21-5). Because Anderson pleads no grounds for his IIED claim, the court dismisses it.

The court also dismisses Anderson's claim for negligent infliction of emotional distress. "In Texas, there is no recognized general duty not to negligently inflict emotional distress; recovery for mental anguish damages is only allowed for the breach of some other duty imposed by law such as when there is a special relationship between the parties." *Villafuerte*, 2017 WL 8793751, at *11 (quoting *Fitzpatrick v. Copeland*, 80 S.W.3d 297, 302 (Tex. App.—Fort Worth 2002)) (internal quotation marks omitted). Because no such special relationship exists here, a claim for negligent infliction of emotional distress is not cognizable in this case. *See id.*

### 3.   Gross Negligence

The Wal-Mart Defendants do not mention Anderson's gross negligence claim in their motions to dismiss. *See* (Dkt. Nos. 17 ¶¶ 37–38; 18; 28). However, Anderson mentions the gross negligence claim in his response. (Dkt. No. 26 at 1, 4). Despite this discrepancy, the court will consider Anderson's gross negligence claim under the Wal-Mart Defendants' motion to dismiss.

By failing to state a claim for negligence, Anderson has necessarily failed to state a claim for gross negligence. *See Furniture Procurement Srv., LLP v. Nat'l Container Grp., LLC*, No. 4:19-CV-3290, 2022 WL 2479922, at *5 (S.D. Tex. July 5, 2022) (noting that a plaintiff "must first prove ordinary negligence" to prove gross negligence). Accordingly, the court also dismisses Anderson's gross negligence claim against the Wal-Mart Defendants.

Based on this reasoning, the court grants the Wal-Mart Defendants' partial motions to dismiss. (Dkt. Nos. 18, 28).

### C.   Claims against the City of Pearland and Webb

Anderson brings four claims against Webb and, separately, four claims against the City under § 1983 for alleged violations of the Fourth and Fourteenth Amendments. Section 1983

11 / 15

provides a claim against any "person" who, "under color of any statute, ordinance, regulation, custom, or usage, of any State," violates another's rights under the U.S. Constitution. 42 U.S.C. § 1983; *e.g.*, *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013). Thus, a § 1983 claim has two main elements: (1) the violation of a federal constitutional right; (2) by a person acting under color of state law. *See Whitley*, 726 F.3d at 638. A plaintiff may bring a § 1983 claim against a person in his individual capacity, against a person in his official capacity, or against a local government entity. *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) (municipalities and other local government units are "persons" subject to suit under § 1983). To establish a § 1983 claim for a violation of constitutional rights by a municipality, a plaintiff must prove three elements: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Rather than repeat itself eight times, the court will analyze the eight combined claims against Webb and the City together because the analysis is the same for each. The First Amended Complaint amounts to a "formulaic recitation of the elements" of each of the causes of action against Webb and the City. *Twombly*, 550 U.S. at 555; *see* (Dkt. No. 17 ¶¶ 24, 26, 28, 30, 48–49, 52–56, 60–61, 64). Relying on its "judicial experience and common sense," the court cannot "infer more than the mere possibility of misconduct" from Anderson's allegations. *Iqbal*, 556 U.S. at 678–79 (citing *Twombly*, 550 U.S. at 556).

To give one example, Anderson has failed to allege any facts that would allow for a reasonable inference that the City or any of its policymakers acted with deliberate indifference in support of Anderson's claim that the City failed to train or supervise Webb. Anderson makes repeated, conclusory allegations that the City's "police department had a custom of detaining individuals without probable cause based on erroneous reports of theft from area Wal-Marts."

(Dkt. No. 17 ¶ 20). Anderson references three lawsuits alleging involving wrongful arrests at Wal-Mart stores in Texas and asserts that these cases demonstrate a pattern of poor training sufficient to show deliberate indifference. *Id.* ¶¶ 20, 48. As the City argues, neither these cases nor any additional factual allegations in the First Amended Complaint allege any facts necessary to draw an inference in favor of Anderson that the City has a deficient training policy. (Dkt. No. 21 ¶ 37). Without more, Anderson fails to plead facts that would allow for a reasonable inference that a City official acted with deliberate indifference.

Because the court finds that Anderson has failed to state a claim upon which relief can be granted as to his claims against Webb under § 1983 for failure to plead all of the required elements, the court does not reach the question of Webb's qualified immunity. (Dkt. No. 17 ¶¶ 73–75). *See Goins v. Clear Creek Indep. Sch. Dist.*, No. H-24-3248, 2024 WL 5238663, at *9 (S.D. Tex. Dec. 26, 2024).

The court, therefore, dismisses Anderson's claims against Webb and the City.

## IV.   Request for Leave to Amend and Order to Show Cause

In his responses to the Wal-Mart Defendants and to the City and Webb, Anderson requests leave to amend. (Dkt. Nos. 26 at 7; 29 at 22–23). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the court in its discretion may deny leave to amend when there is evidence of "bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003).

Webb's bodycam footage and the other evidence Webb and the City attached to their motion show that an opportunity to amend Anderson's complaint, which he already amended once, would be futile. *See id.*; (Dkt. No. 21-5). Both the bodycam footage and Webb's affidavit detail

13 / 15

the discrepancy between the $2.48 Anderson paid for the cards and their actual cost of $49.98. (Dkt. Nos. 21-3; 21-5). The bodycam footage also shows Coleman and Webb dealing calmly and respectfully with Anderson as they investigated the theft. *Id.* This evidence undermines Anderson's repeated assertions that Coleman lied in his witness statement and that Webb lied in his affidavit about their interactions with Anderson. Without these assertions, Anderson has little-to-no case against any of the defendants. Considering the evidence properly before the court at this stage of proceedings, Anderson's allegations against all defendants appear frivolous.

Accordingly, the Court ORDERS Anderson to SHOW CAUSE as to why the Court should not dismiss the remaining claims in this case as frivolous.[3]

## V.    Conclusion

IT IS HEREBY ORDERED that Anderson's motion to strike (Dkt. No. 30) is DENIED.

IT IS HEREBY ORDERED that the Wal-Mart Defendants' partial motions to dismiss for failure to state a claim (Dkt. Nos. 18, 28) are GRANTED.

Anderson's claims of negligence, intentional or negligent infliction of emotional distress, and gross negligence against the Wal-Mart Defendants are DISMISSED WITH PREJUDICE.

IT IS HEREBY ORDERED that the City's and Webb's motions to dismiss for failure to state a claim (Dkt. No. 21) is GRANTED.

All claims against the City and Webb are hereby DISMISSED WITH PREJUDICE.

IT IS HEREBY ORDERED that Anderson SHOW CAUSE by April 9, 2026, why the Court should not dismiss the remaining claims in this case.

---

[3] The remaining claims are defamation, false imprisonment, and malicious prosecution against the Wal-Mart Defendants. (Dkt. No. 17 ¶¶ 31–34, 41–42).

14 / 15

SO ORDERED March 18, 2026, at McAllen, Texas.

_____
Randy Crane
Chief United States District Judge